## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **DANA LIMITED,** | ) | |
| **as fiduciary to the Dana** | ) | Case No. |
| **Corporation Pension Trust** | ) | |
| 4500 Dorr Street | ) | Judge |
| Toledo, Ohio 43697 | ) | |
| | ) | **Complaint with Jury Demand** |
| and | ) | |
| | ) | |
| **DANA HOLDING** | ) | |
| **CORPORATION** | ) | |
| 4500 Dorr Street | ) | |
| Toledo, Ohio 43697 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **THE DANA INVESTMENT** | ) | |
| **COMMITTEE,** | ) | |
| **as fiduciary to the Dana Pension** | ) | |
| **Plans and the Dana Corporation** | ) | |
| **Pension Trust,** | ) | |
| 4500 Dorr Street | ) | |
| Toledo, Ohio 43697 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **PROVIDENT INVESTMENT** | ) | |
| **COUNSEL, INC.** | ) | |
| Union Bank Plaza | ) | |
| 201 South Lake Avenue | ) | |
| Pasadena, California 91101 | ) | |
| | ) | |
| and | ) | |

|  |  |
|---|---|
| **NORTHERN TRUST COMPANY**<br>50 South LaSalle St.<br>Chicago, Illinois 60603<br><br>**and**<br><br>**NORTHERN TRUST INVESTMENTS, N.A.**<br>50 South LaSalle St.<br>Chicago, Illinois 60603<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

**Preliminary Statement**

This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), and under federal and state common law to recover losses suffered by the Dana Corporation Pension Plans Trust as a result of the defendants' wrongful conduct.

**Parties, Jurisdiction and Venue**

1. Plaintiff Dana Limited is an Ohio limited liability company with its principal place of business in Toledo, Ohio.

2. Plaintiff Dana Holding Corporation ("Dana Holding") is a Delaware corporation with its principal place of business in Toledo, Ohio. Dana Holding is the sole member of Dana Limited.

3. Dana Corporation, a company that emerged from bankruptcy on January 31, 2008 and merged into Dana Companies, LLC, a subsidiary of Dana Holding Corporation, established the Dana Corporation Pension Plans Trust ("Trust") under an agreement dated August 31, 1979, as amended, a copy of which is attached as Exhibit 1. The Trust is the funding medium for the following tax-qualified, defined-benefit

2

pension plans: Dana Retirement Plan, Dana-UAW Pension Plan and Victor Reinz Division Pension Plan for Hourly Employees at the Robinson IL Plant (the "Plans"). The Trust is a pension plan within the meaning of 29 U.S.C. § 1002(2)(A), and is administered in this district. Dana Limited succeeded to the rights of Dana Corporation under the Plans and Trust and brings this action in its capacity as a fiduciary to the Plans and the Trust.

4. Plaintiff Dana Investment Committee ("the Investment Committee") is appointed by Dana Holding to administer the Plans, and brings this action in its capacity as a named fiduciary of the Plans.

5. Northern Trust Company ("Northern Trust") is a bank organized under Illinois law with its principal place of business in Chicago, Illinois. It is the Trustee of the Trust and is a fiduciary under ERISA, and has custody and custodial responsibility for the assets of the Trust.

6. Northern Trust Investments, N.A. ("Northern Trust Investments") is organized under Illinois law and has its principal place of business in Chicago, Illinois. Northern Trust Investments is an investment advisor under the Investment Advisors Act of 1940, and routinely provides investment management services.

7. Provident Investment Counsel, Inc. ("Provident") is a Massachusetts corporation with its principal place of business in California. Provident is an investment advisor under the Investment Advisors Act of 1940, and routinely provides investment management services.

3

8. The Court's jurisdiction is invoked under 29 U.S.C. § 1132(e) and 28 U.S.C. §§ 1331 and 1332. The Court also has supplemental jurisdiction under 28 U.S.C. 1367(a).

9. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is proper in this district in that defendants are found here, defendants are subject to personal jurisdiction in this district and in this division, and because the Trust is administered in this district.

**Factual Background**

11. On or about January 4, 1982, the Investment Committee appointed Provident as an Investment Manager with respect to a portion of the assets of the Trust, and Provident accepted the appointment and the terms and conditions of the appointment ("Letter Agreement"). A copy of the Letter Agreement, as amended, is attached as Exhibit 2. Provident is named as an ERISA fiduciary.

12. By letter dated September 24, 2008, plaintiffs terminated the Letter Agreement, instructed Provident to cease trading as of September 24, 2008, and informed Provident that the Trustee, Northern Trust, would contact Provident to arrange a reconciliation and certification of the asset lists.

13. On or about September 24, 2008, plaintiff Dana Holding entered into a Transition Services Agreement ("Services Agreement") with Northern Trust Investments under which Northern Trust Investments agreed to provide transition management services respecting the assets of the Trust for which Provident was Investment Manager. A copy of the Services Agreement, as amended, is attached as

4

Exhibit 3. The Services Agreement names Northern Trust Investments an ERISA fiduciary.

14. On September 25, 2008, Trustee and custodian Northern Trust sent an asset list to Provident, instructing Provident to review the list and complete an asset reconciliation using the Northern Trust list, and to provide Northern Trust with a list of any share discrepancies. The instructions to Provident stated that "[a]ll information must be supplied on the attached discrepancy form."

15. On September 25, 2008, Provident (through The Bank of New York Mellon) completed the Northern Trust form and returned it to Northern Trust. The form signed and returned by Provident was inaccurate in that it failed to note discrepancies with respect to twenty-one short positions shown on the Northern Trust asset list, which positions Provident had in fact previously covered.

16. Provident knew or should have known that its written response to Northern Trust's request would be relied upon by Northern Trust and by Northern Trust Investments.

17. Northern Trust has represented to plaintiffs that it relied upon Provident's inaccurate written response as being accurate and, without further inquiry or investigation, Northern Trust conveyed its asset list and Provident's inaccurate response to Northern Trust Investments.

18. Northern Trust Investments has also represented that it relied upon Provident's response as being accurate and, without further inquiry or investigation, used Trust funds to purchase shares to cover the short positions inaccurately reflected on the Northern Trust asset list and in Provident's response.

5

19. After learning that Provident's response was inaccurate, and that the short positions shown on the Northern Trust asset list had in fact been closed, Northern Trust Investments sold the shares it had purchased to cover those short positions. As a direct and proximate result of the defendants' conduct, the Trust suffered trading losses in the amount of $7,429,706.12. The Trust continues to incur additional losses for the loss of use of the money.

**First Claim for Relief**

20. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

21. Provident was a fiduciary within the meaning of 29 U.S.C. § 1002(21) and as such had a duty under 29 U.S.C. § 1104(a) to provide an accurate reconciliation of the positions Provident held as of the date of its termination.

22. Provident breached its fiduciary duty by submitting an inaccurate written response to Northern Trust's request for a reconciliation of Northern Trust's asset list to the records of Provident as of the termination date.

23. As a direct and proximate result of Provident's breach of fiduciary duty, the Trust has suffered a loss of not less than $7,429,706.12.

**Second Claim for Relief**

24. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

25. Provident owed an implied contractual obligation to accurately respond to Northern Trust's request and to accurately report any discrepancies between Northern Trust's asset list and Provident's records as of the termination date.

26. Provident breached its obligation by failing to accurately report to Northern Trust the discrepancies between its records and the Northern Trust asset list as of the termination date.

27. As a direct and proximate result of Provident's breach, the Trust has suffered a loss of not less than $7,429,706.12.

### Third Claim for Relief

28. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

29. Provident owed the Trust common law duties to exercise reasonable care in responding to Northern Trust's request for a reconciliation of the Northern Trust asset list.

30. Provident was negligent and breached its duties of care.

31. As a direct and proximate result of Provident's breach, the Trust has suffered a loss of not less than $7,429,706.12.

### Fourth Claim for Relief

32. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

33. Northern Trust was a fiduciary within the meaning of 29 U.S.C. § 1002(21) and as such had a duty under 29 U.S.C. § 1104(a) to provide an accurate list to Northern Trust Investments of the assets and positions Provident held as of the date of Provident's termination.

34. Northern Trust possessed and had access to information showing that the short positions it reported on the asset list provided to Provident were closed.

35. Northern Trust breached its fiduciary duty by failing to exercise due care to properly reconcile the short positions held by Provident and by submitting to Northern Trust Investments a list of Provident's short positions that Northern Trust knew or should have known was not accurate.

36. As a direct and proximate result of Northern Trust's breach of fiduciary duty, the Trust has suffered a loss of not less than $7,429,706.12.

**Fifth Claim for Relief**

37. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

38. Northern Trust owed plaintiffs a duty to accurately account for the assets of the Trust and to provide to Northern Trust Investments an accurate list of the assets and positions held by Provident as of the termination date.

39. Northern Trust breached its duty to accurately account for the assets of the Trust and to provide to Northern Trust Investments an accurate list of the assets and positions held by Provident as of the termination date.

40. As a direct and proximate result of Northern Trust's breach, the Trust has suffered a loss of not less than $7,429,706.12.

**Sixth Claim for Relief**

41. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

42. Northern Trust owed plaintiffs an implied contractual obligation to provide to Northern Trust Investments an accurate list of the assets and positions held by Provident as of the termination date.

43. Northern Trust breached its obligation to provide to Northern Trust Investments an accurate list of the assets and positions held by Provident as of the termination date.

44. As a direct and proximate result of Northern Trust's breach, the Trust has suffered a loss of not less than $7,429,706.12.

### Seventh Claim for Relief

45. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

46. Northern Trust owed plaintiffs common law duties to exercise reasonable care to provide to Northern Trust Investments an accurate list of the assets and positions Provident held as of the termination date.

47. Northern Trust negligently breached its duties of care.

48. As a direct and proximate result of Northern Trust's negligent breach, the Trust has suffered a loss of not less than $7,429,706.12.

### Eighth Claim for Relief

49. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

50. Northern Trust Investments was a fiduciary within the meaning of 29 U.S.C. § 1002(21) and as such had a duty under 29 U.S.C. § 1104(a) to act in a reasonably prudent manner to determine Provident's short positions before using Trust funds to purchase shares to cover the short positions.

51. Northern Trust Investments breached its fiduciary duty by failing to properly determine the short positions held by Provident before purchasing shares with Trust funds to cover the positions.

52. As a direct and proximate result of Northern Trust Investments' breach of fiduciary duty, the Trust has suffered a loss of not less than $7,429,706.12.

53. Northern Trust Investments further breached its fiduciary duty by failing to act in a reasonably prudent manner to settle the trades purchased to close the short positions, and as a result failed to recognize promptly that the shares purchased by Northern Trust Investments were not needed. Northern Trust Investments' conduct aggravated the loss to the Trust.

54. Northern Trust Investments further breached its fiduciary duty by failing to act in a reasonably prudent manner after discovering that the Northern Trust asset list and the Provident reconciliation were inaccurate and that the shares it had purchased were not needed because the short positions had already been closed. Northern Trust Investment's conduct further aggravated the loss to the Trust.

**Ninth Claim for Relief**

55. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

56. Under the Services Agreement, Northern Trust Investments had a duty to act in a reasonably prudent manner to determine Provident's short positions before using Trust funds to purchase shares to cover short positions.

57. Northern Trust Investments breached its duty by failing to properly determine the Provident's short positions before purchasing shares with Trust funds to cover the positions.

58. As a direct and proximate result of Northern Trust Investments breach of duty, the Trust has suffered a loss of not less than $7,429,706.12.

59. Northern Trust Investments further breached its duty by failing to act in a reasonably prudent manner to settle the trades it made to close what it negligently concluded were short positions, and as a result failed to recognize promptly that the purchased shares were not needed. Northern Trust Investment's conduct aggravated the loss to the Trust.

60. Northern Trust Investments further breached its duty by failing to act in a reasonably prudent manner after discovering that the short positions had been previously closed and that the shares it had purchased with Trust funds were not needed. Northern Trust Investment's conduct further aggravated the loss to the Trust.

**Tenth Claim for Relief**

61. Plaintiffs incorporate by reference all of the averments in the preceding paragraphs.

62. Northern Trust Investments owed plaintiffs common law duties to exercise due care and act in a reasonably prudent manner to determine the short positions of Provident before using Trust funds to purchase shares to cover the short positions.

63.     Northern Trust Investments breached its common law duties by negligently failing to properly determine the short positions held by Provident before purchasing shares with Trust funds to cover the positions.

64.     As a direct and proximate result of Northern Trust Investments' negligent breach of its duties, the Trust has suffered a loss of not less than $7,429,706.12.

65.     Northern Trust Investments further breached its common law duties by negligently failing to settle the trades purchased to close what it negligently concluded were short positions, and as a result failed to recognize promptly that the shares purchased by Northern Trust Investments were not needed.  Northern Trust Investments' conduct aggravated the loss to the Trust.

66.     Northern Trust Investments further breached its common law duties by failing to act in a reasonably prudent manner and exercise due care after discovering that the Northern Trust asset list and the Provident reconciliation were inaccurate and that the shares purchased were not needed because the short positions had been previously closed. Northern Trust Investment's negligent conduct further aggravated the loss to the Trust.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment jointly and severally against the defendants as follows:

A.      An award of damages in the amount of $7,429,706.12;

B.      Pre- and post-judgment interest as permitted by law; and

    C.    All other relief, including attorney fees and costs, as this Court may deem just, equitable or appropriate.

>Respectfully submitted,
>
>s/ Cary Rodman Cooper
>Cary Rodman Cooper (0013062)
>Jacqueline M. Boney (0013050)
>COOPER & WALINSKI, L.P.A.
>900 Adams Street
>Toledo, OH 43604
>Phone: (419) 241-1200
>Fax:  (419) 242-9606
>E-Mail:  cooper@cooperwalinski.com
>E-Mail:  boney@cooperwalinski.com
>Counsel for Plaintiff

### **Demand for Jury Trial**

Plaintiffs demand a trial by jury on all issues triable by jury.

>s/ Cary Rodman Cooper
>Cary Rodman Cooper